Davis, J.,
delivered the opinion of the court:
The United States commissioner at Sitka, Alaska (plaintiff herein), having beard and decided upon complaints against various persons charged with tbe commission of acts criminal under the laws of Oregon, which are made applicable to Alaska by statute, presented to tbe Treasury Department bis fee accounts for these services calculated at the rates prescribed by sections 828 and 847 of tbe Revised Statutes; the accounting officers declined to allow these charges, bolding that the commissioner should charge only tbe fees allowed to justices of the peace of Oregon for similar services. This ruling plaintiff now contests.
*522 The act of Congress presented for construction is that “ providing a civil government for Alaska” (Supp. Rev. Stat., pp. 430-444). The fifth section of this act authorizes the President to appoint four commissioners in the district (one to reside at Sitka), and these commissioners were (by this section) given “ the jurisdiction and powers of commissioners of the United States circuit courts in any part of said district.”
In the same section it is provided that:
“ Such commissioners shall exercise all the duties and powers, civil and criminal, now conferred on justices of the peace under the general laws of the State of Oregon, so far as the saihe may be applicable in said district, and may not be in conflict with this act or the laws of the United States.”
The commissioners were also given jurisdiction in probate matters; they were authorized to grant writs of habeas corpus; they were made notaries public, and as such were required to keep a public record of instruments acknowledged before them relating to the title of property within the district or its transfer; they were by this act directed to keep a record of fines and forfeitures, and the commissioner at Sitka was made (section 8) ex officio register of the land office. By section 7, the general laws of Oregon were declared to be “ the law in said district, so far as the same may be applicable and not in conflict with the provisions of this act or the laws of the United States,” while section 9 thus provided for the commissioners’ compensation:
“Sec. 9. * * * The commissioners shall receive the usual fees of United States commissioners and of justices of the peace for Oregon, and such fees for recording instruments as are allowed by the laws of Oregon for similar serv-ies, and in addition a salary of one thousand dollars each.” * * *
The duties thus imposed upon the Alaska commissioners are manifold; not only do they perform the duties ordinarily incident to the office, but they are also notaries, justices of the peace, in some sort registrars of deeds and surrogates, and they have given them at least one purely judicial power. The variety of duty required a variety of compensation (under the existing fee system), and that compensation is thus divided:
(a) Fees of United States commissioners.
(&) Fees of justices of the peace for Oregon.
*523 (c) Fees under tbe Oregon statutes for recording instruments.
(d) A salary of $1,000.
Tbe intent of Congress, then, was tbat when tbe commissioner performs tbe duties usually, imposed upon a "United States commissioner, e. g., tbe duties springing from a violation of a Federal statute, tbe usual commissioner’s fees (those prescribed in tbe Bevised Statutes) should be charged; but when tbe commissioner acts as a justice of tbe peace, tbat is, when tbe offense is criminal under tbe Oregon statute, tbe fee shall be tbat of tbe Oregon justice. We agree with tbe accounting officers, that wherever tbe prosecutions were for violations of tbe laws of Oregon tbe fees allowed an Oregon justice by tbe Oregon fee bill should be charged. ' 1
Plaintiff also asks fees and commissions (Rev. Stat., 2238, par. 2 and 9) for services as register of tbe land office, but tbe act cited (section 9) prescribes his total compensation after describing all bis duties. After making him a commissioner, a notary, a justice, a recorder of deeds, a land-office register and so on, it concludes by saying tbat be shall be paid commissioner’s fees, justice’s fees, Oregon recording fees, and a salary. Tbe prescription- is clear and leaves nothing for construction. Tbe fees specifically named and tbe salary were deemed by Congress sufficient emolument, so there can be'no recovery upon this item of claim.
Tbe first item of claim (as stated in plaintiff’s request for findings of fact) being fees for violations of United States statutes is allowed.
Tbe third item of claim (i. e., for services as register) is not allowed.
As to tbe second item of claim (i. e., for services in relation to acts made criminal by Oregon statutes), tbe fees of justices of tbe peace for similar services will be allowed. This case therefore is remanded to tbe trial calendar, tbat an additional finding of fact be prepared showing tbe fees to which (following this opinion), plaintiff is entitled in place of those set forth in bis second request.
Peelle, J., did not sit in this case, but agreed in tbe conclusion of tbe court.